No. 2819. Same *v.* Same. November Term, 1891. The nature of these motions is fully shown by the order refusing them, passed Per Curiam January 12, 1892, as follows:

In this case three motions have been submitted: 1st, a motion to set aside the judgment rendered by the Supreme Court by its opinion filed 12th November, 1891 (34 S. C., 559), upon the ground that the same is void, or at least voidable, by reason of the death of the defendant after the hearing and before the filing of the said opinion, her representatives not having been substituted; and also because the court, consisting of the two Associate Justices, which heard this case (the Chief Justice being dead at the time) was not a constitutional court. 2nd, a motion to dismiss the appeal upon the ground that proper steps had not been taken at the time prescribed by rule IV. of this court to substitute such representatives. 3rd, a motion to substitute the representatives of the deceased defendant as appellants in this case.

After a careful consideration, this court has reached the conclusion that neither of the grounds upon which the validity of the judgment heretofore rendered has been assailed can be sustained. The case was heard in January last, during the November term, 1890, and after this hearing, and before the filing of the opinion, to wit, some time in February or March last, the defendant, appellant, died; but this fact was not made known to the court or

any member of it until after the opinion was filed, though, under the view which we take of the case, this omission cannot affect the question involved. It seems to us that the true rule to be deduced from the case of *Keep* v. *Leckie* (8 Rich., 164) is, that where a party dies after a final hearing of his cause, and before the actual rendition of the judgment, such judgment may be entered *nunc pro tunc*, as of the first day of the term at which the final hearing was had, notwithstanding the death of the party during the time taken by the court for deliberation, and before the final conclusion has been announced. This rule seems to have been recognized and acted upon from the earliest times. See Freeman on Judgments, sections 56–59. We are entirely satisfied, therefore, that the fact, that the appellant died after the final hearing by this court, and before the opinion was filed announcing the conclusion reached by the court, and its reasons for such conclusion, did not in any way invalidate the judgment; and hence the motion to set aside the judgment cannot be sustained upon this ground.

The second ground upon which the validity of the judgment is assailed is, that in consequence of the death of the late Chief Justice before the case was heard, the two Associate Justices who undertook to hear and determine the case had no power to do so, as a Chief Justice is an essential element in the constitution of a Supreme Court; and hence when, as in this case, that office had become vacant by the death of the former incumbent, there could be no constitutional Supreme Court until such vacancy was filled in the mode prescribed by law. It seems to us that this question has already been decided in the case of *Sullivan* v. *Speights*, 14 S. C., 358. The attempt which has been made in the argument of this motion to distinguish the present case from that just cited, while quite ingenious, is not sufficient to satisfy us that there is any real difference, in principle, between the two cases. On the contrary, we think the unanimous conclusion reached by the court in the case of *Sullivan* v. *Speights*, announced in these words, "That the Constitution, in the section referred to, has invested any two of the justices with full power to discharge all of the functions of this court," expresses the true construction of the constitutional provision upon the subject. See, also, *Williams* v. *Benet*, filed 12 January, 1892, *ante*, 150.

Having reached the conclusion that the judgment, which finally disposes of the case, is valid, it is manifest that neither of the other motions can be entertained, as the case is no longer pending. It is, therefore, not only unnecessary, but in our judgment would be improper, for this court to undertake to consider or determine the merits of the questions sought to be raised by these two motions; for, as is said by Mr. Justice McGowan in *State* v. *Gathers*, 15 S. C., at page 372, "this court cannot consider merely speculative questions and give opinions upon disputed points of law. Our duty is to pronounce practical judgments, to settle and determine the rights of parties. There must be an actual existing case to call into exercise the judgment of the court." Now, as under the view we take of the questions presented by the motion first above stated, there is now no longer a case pending in this court, inasmuch as it has been finally disposed of by a valid judgment, it is quite clear that a motion to dismiss the appeal, or to substitute parties in a case no longer pending, presents purely speculative questions, and cannot, therefore, be entertained.

The judgment of this court is, that all three of the motions be dismissed for the reasons above indicated.

*Benet & Cason*, for the motions. *Graydon & Graydon*, contra.